[No. 18395. Department Two. April 23, 1924.]

R. F. BROWN, *Respondent, v. W. A. DAVIS, as Administrator etc., Appellant.*[1]

BROKERS (33)—ACTIONS FOR COMMISSIONS — EVIDENCE — SUFFICIENCY. Findings that a broker was entitled to commissions on the sale of stock in the sum of $5,824.80 are not sustained, where much of the evidence is unintelligible without a bill of particulars, which is not in the record, and the evidence in the record tends to support a judgment for but $735.60.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered December 25, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*H. E. Donohoe,* for appellant.

*Delos Spaulding,* for respondent.

PER CURIAM.—This action was brought by R. F. Brown to recover for services rendered under a contract, fairly established by the evidence, by which L. A. Kingkinney agreed to pay a commission of fifteen per cent on the sale price of all stock sold of the Centralia Briquetting Company, a corporation, whether such stock was personally owned by Kingkinney or the cor-

[1]Reported in 225 Pac. 59.

poration. After the suit was started, Mr. Kingkinney died and his representative, W. A. Davis, was substituted in his stead. Upon the trial, findings of fact and conclusions of law, to which proper written exceptions were filed, and a judgment in the sum of $5,824.80, were entered in favor of the plaintiff. The administrator has appealed.

It is manifest from the statement of facts that at some time and for some reason, the record does not show when nor why, the respondent prepared a bill of particulars that was used in the examination of witnesses at the trial of the case. The bill of particulars is not in the record nor was it offered in evidence. Without it much of the evidence cannot be understood. It seems that a number of sales of stock were made, but with certain exceptions, to be mentioned shortly, the names of the purchasers and the amounts of the sales are not shown by the evidence. The pleadings furnish no guide out of the difficulty, for the complaint expresses the dealings in total amounts and the answer consists of general denials. In this situation, all the evidence has been read more than once to ascertain what sales were shown to have been made, with that degree of certainty necessary even under the favor of the court's findings, which also were made in general or total amounts.

Such examination shows that, in addition to stock traded to one Wilson for an automobile, on which respondent was paid his commission, other sales of stock were to persons and in amounts as follows: Meeker $5,000, Hilton $600, father of the administrator (name not given) $600, A. D. Forron $102, Henry Forron $102, and Scanlon $1,000, making a total of $7,404, fifteen per cent of which equals $1,110.60. From this amount take $375 that the respondent admits having

been paid, thus leaving the sum of $735.60 as the amount of judgment respondent is entitled to.

Reversed and remanded with directions to enter judgment accordingly.